IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MARC E. KOSJER, | ) |
| PLAINTIFF, | ) |
| Vs. | ) Case No.: 17-CV |
| COFFEYVILLE RESOURCES CRUDE TRANSPORTATION, LLC; and CVR ENERGY, INC. | ) |
| DEFENDANTs. | ) |

**COMPLAINT**

Plaintiff, by and through his attorneys of record Dustin L. DeVaughn and Kate Wright of DeVaughn James, LLC, state and allege the following against defendants Coffeyville Resources Crude Transportation, LLC and CVR Energy, Inc.:

**A. PARTIES**

1. Plaintiff Marc E. Kosjer is a Kansas resident and citizen who resides at 1990 51st Road, Douglas, Kansas 67039.

2. Defendant Coffeyville Resources Crude Transportation, LLC is a foreign "for profit" limited liability company organized under the State of Delaware. It is registered to do business in the State of Kansas and may be served through its resident agent The Corporation Service Company at 2900 SW Wanamaker Drive, Ste. 204, Topeka, Kansas 66614.

3. Defendant CVR Energy, Inc. is a foreign "for profit" corporation organized under the State of Delaware. It is registered to do business in the State of Kansas and

may be served through its resident agent The Corporation Company, Inc. at 112 SW 7th Street, Ste. 3C, Topeka, Kansas 66603.

**B. JURISDICTION AND VENUE**

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332(a) and (c) because the matter in controversy exceeds $75,000 and is between citizens of different states.

5. Venue is proper in this district pursuant to 28 U.S.C. 1391(a)(2) and (c) because a substantial part of the events giving rise to the claims in controversy arose here.

**C. NATURE OF ACTION**

6. This is a personal injury action arising out of a motor vehicle / tractor trailer collision between a vehicle occupied by plaintiff and a tractor trailer owned and operated by an employee and or agent of defendants.

**D. ALLEGATIONS OF NEGLIGENCE AND NEGLIGENCE PER SE.**

7. At all times relevant herein, Rocky L. Hamblet was an employee and/or agent of defendants and was operating in the course and scope of his employment with defendants.

8. Defendants are a motor carrier and operating under authority through the United States Department of Transportation with an assigned D.O.T. number of 1236378.

9. The tractor-trailer being operated by Rocky L. Hamblet was owned, maintained, dispatched, supervised, controlled and repaired by defendants and was used as a commercial motor vehicle in both intrastate and interstate business making it

subject to the Federal Motor Carrier Safety Administration regulations under 49 C.F.R. Sections 381 et. Seq.

10. Rocky L. Hamblet was hired, qualified, supervised, and trained by defendants.

11. 49 C.F.R. § 390.3(e)(1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

12. 49 C.F.R. § 390.5 provides that "motor carrier" means a for-hire motor carrier or a private motor carrier. That term includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers.

13. Defendants were at all material times a "motor carrier" and an "employer" of its driver Rocky L. Hamblet in regard to the operation of a commercial motor vehicle as defined in 49 C.F.R. §382.107.

14. On or about August 30, 2015, at approximately 7:35 a.m., Rocky L. Hamblet was operating the defendants' gray-colored tractor-trailer in the course and scope of employment for defendants and in a very dense fog.

15. At all times relevant herein, Rocky L. Hamblet was pulling from a stop sign to cross highway U183 in the dense fog when he negligently, carelessly, and wantonly failed to yield the right-of-way from a stop sign and drove directly into the path of plaintiff who was lawfully traveling northbound on highway U183.

16. The actions and omissions of Rocky L. Hamblet and defendants (both independently and through its driver Rocky L. Hamblet under Respondeat Superior and Vicarious Liability) is negligent, careless and negligent per se for the following reasons:

A. Operation of a gray-colored commercial motor vehicle in defense fog;

B. Failure to yield the right-of-way from a stop sign.

C. Failure to keep a proper lookout;

D. Failure to be attentive;

E. Failure to exercise ordinary care;

F. Failure to warn;

G. Improper left turn;

H. Operation of a commercial motor vehicle in a reckless or careless manner;

I. Operation of a commercial motor vehicle without first ascertaining that movement can be safely made;

J. Violating the minimum duties and standards of care by operating a commercial motor vehicle when the driver did not have knowledge of safe operating regulations, including safety systems knowledge, basic knowledge of basic control maneuvers, basic information on hazard perception, basic knowledge of pulling over and not driving a commercial vehicle in dense fog;

K. Failing to have adequate safety management protocols in place that prevent its drivers from operating in dense fog;

17. The negligence of defendants and their employee / agent Rocky L. Hamblet proximately caused the collision and the personal injuries and damages of plaintiff.

18. As a result of defendants' negligence and negligence per se, plaintiff sustained severe personal injuries. Plaintiff has sustained past medical expenses, future medical expenses, past lost wages, future lost wages, economic damages for household services, medical mileage, loss of consortium, and past and future non-economic damages such as pain, suffering and mental anguish.

WHEREFORE, plaintiff requests judgment against defendant for an amount in excess of $75,000 plus costs and any further relief this Court deems fair, just and equitable.

Respectfully submitted,

DEVAUGHN JAMES INJURY LAWYERS

By /s/Dustin L. DeVaughn
Dustin L. DeVaughn (#16559)
Kate Wright, #27478
3241 N. Toben
Wichita, KS 67226
[P] 316-977-9999
[F] 316-425-0414
ddevaughn@devaughnjames.com
***- ATTORNEYS FOR PLAINTIFFS***

**DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL**

COMES NOW the plaintiffs and demands a pretrial conference and a trial by jury.

**DESIGNATION OF PLACE OF TRIAL**

COMES NOW the plaintiffs and designates Wichita, Kansas as the place for trial in this matter.

DEVAUGHN JAMES INJURY LAWYERS

By ___/s/Dustin L. DeVaughn___________

Dustin L. DeVaughn (#16559)
Kate Wright, #27478
3241 N. Toben
Wichita, KS 67226
[P] 316-977-9999
[F] 316-425-0414
ddevaughn@devaughnjames.com
***- ATTORNEYS FOR PLAINTIFFS***