IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARC E. KOSJER,

           Plaintiff,

v.                                                                  Case No. 17-1181-JTM

COFFEYVILLE RESOURCES CRUDE
TRANSPORTATION, LLC, et al.,

           Defendants.

## **ORDER**

This is a personal-injury case arising from a collision between an automobile and a commercial tractor-trailer rig. Plaintiff has filed a motion (ECF No. 32) asking the court to compel defendants to produce the claims file of defendants' liability insurer. Defendants object to the production of the claims file based on work-product protection, and to the production of certain documents within the file on the grounds of attorney-client privilege and relevance. For the reasons stated below, the motion is denied without prejudice.

As an initial matter, the court is unconvinced plaintiff satisfied the duty-to-confer requirement contained in D. Kan. Rule 37.2 before filing the instant motion. D. Kan. Rule 37.2 states,

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 … unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or

> disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

Plaintiff asserts he mailed a golden-rule letter to defendants on December 28, 2017, counsel for both parties spoke in-person regarding this dispute on January 19, 2018, and defense counsel indicated he would provide a response to plaintiff's golden-rule letter by January 23, 2018.  Plaintiff filed the instant motion on January 26, 2018, claiming he hasn't received a response to his golden-rule letter.  The court finds the good-faith requirement should have led plaintiff's counsel to at least attempt to contact defense counsel one final time before filing the motion to compel.  Based on defense counsel's apparent notice that he did plan to respond, it was not unreasonable for defense counsel to expect plaintiff's counsel to await defendants' response before filing a motion to compel.

Turning to the merits of plaintiff's motion, the court finds the instant record insufficient to evaluate defendants' work-product protection and attorney-client privilege assertions.  Given the absence of any true meet-and-confer, as well as the state of the record, the court denies plaintiff's motion without prejudice and orders defendants to produce a supplemental privilege log on or before **March 19, 2018**.  To avoid problems down the road, in this order, the court will give both plaintiff and defendants clear advance guidance about what the court considers legitimately relevant, privileged, and protected.

<u>Work-Product Protection</u>

The work-product doctrine is governed by the uniform federal standard set forth in Fed. R. Civ. P. 26(b)(3). It provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

Courts in this district have described the work product standard as having two components:

> The first is what may be called the "causation" requirement. This is the basic requirement of the Rule that the document in question be produced because of the anticipation of litigation, i.e., to prepare for litigation or for trial. The second component is what may be termed a "reasonableness" limit on a party's anticipation of litigation. Because litigation can, in a sense, be foreseen from the time of occurrence of almost any incident, courts have interpreted the Rule to require a higher level of anticipation in order to give a reasonable scope to the immunity.[1]

Under the first component, work prepared in the ordinary course of business isn't protected.[2] Under the second component, "the threat of litigation must be real and imminent. The inchoate possibility, or even the likely chance of litigation, does not give rise to the privilege."[3]

Attorney-Client Privilege

---

[1] *Marten v. Yellow Freight Sys., Inc.*, No. 96-2013, 1998 WL 13244, at *10 (D. Kan. Jan. 6, 1998) (quoting *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395, 1995 WL 625962, at *8 (D. Kan. Oct. 5, 1995)).

[2] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 247 F.R.D. 656, 657 (D. Kan. 2007).

[3] *Audiotext Commc'ns Network, Inc.*, 1995 WL 625962, at *9 (internal quotation marks and citations omitted).

"In federal court, the determination of what is privileged depends upon the dictates of Rule 501 of the Federal Rules of Evidence."[4] Because subject-matter jurisdiction in this case is based on diversity, Rule 501 directs that "state law governs privilege." Under Kansas law, the essential elements of the attorney-client privilege are:

> (1) Where legal advice is sought (2) from a professional legal advisor in his capacity as such, (3) the communications made in the course of that relationship (4) made in confidence (5) by the client (6) are permanently protected (7) from disclosures by the client, the legal advisor, or any other witness (8) unless the privilege is waived.[5]

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."[6] It protects "advice given by the attorney in the course of representing the client," as well as "disclosures of the client … incidental to the professional relationship."[7] The privilege doesn't apply, however, "to every interaction between attorney and client."[8] For example, K.S.A. § 60-

---

[4] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *3 (D. Kan. July 13, 2016) (quoting *Tect Aerospace Wellington, Inc. v. Thyssenkrupp Materials NA*, No. 07-1306, 2009 WL 1313230, at *2 (D. Kan. May 12, 2009)); *see also ERA Franchise Sys., Inc. v. N. Ins. Co.*, 183 F.R.D. 276, 278 (D. Kan. 1998).

[5] *Rowan*, 2016 WL 3745680, at *3 (citations omitted).

[6] *Klassen v. Univ. of Kan. Sch. of Med.*, No. 13-2561, 2016 WL 6138169, at *3 (D. Kan. Oct. 21, 2016) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).

[7] K.S.A. § 60-426(c)(2); *see also Upjohn Co.*, 449 U.S. at 390 ("[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.").

[8] *Cypress Media, Inc. v. City of Overland Park*, 997 P.2d 681, 690 (Kan. 2000).

426(b) lists exceptions to the privilege, and many other instances of non-privileged attorney-client communications have been recognized by this court.[9]

Privilege Log

Although Fed. R. Civ. P. 26(b)(5)(A) doesn't expressly require a privilege log, a party withholding information on privilege grounds generally satisfies the tenets of that rule by providing a privilege log.[10] The level of detail required in a privilege log is determined on a case-by-case basis,[11] but courts in the District of Kansas have stated that a privilege log generally should contain the following:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

2. The date upon which the document was prepared;

3. The date of the document (if different from #2);

4. The identity of the person(s) who prepared the document;

5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence

---

[9] *See, e.g., In re Syngenta*, No. 14-md-2591, 2017 WL 386835, at *4 (D. Kan. Jan. 27, 2017).

[10] *See Kannaday v. Ball*, 292 F.R.D. 640, 647 (D. Kan. 2013) (describing the basic threshold requirements for a privilege claim); *see also Farha v. Idbeis*, No. 09-1059, 2010 WL 3168146, at *4 (D. Kan. Aug. 10, 2010).

[11] *See Helget v. City of Hays*, No. 13-2228, 2014 WL 1308890, at *3 (D. Kan. Mar. 28, 2014) (stating that a privilege log must provide "sufficient information to allow the other party to assess the claimed privilege"); *see also H & L Assocs. of Kansas City, LLC v. Midwestern Indem. Co.*, No. 12-2713, 2013 WL 5774844, at *7 (D. Kan. Oct. 25, 2013); *Sprint Commc'n Co. v. Big River Tel. Co.*, No. 08-2046, 2009 WL 2878446, at *2 (D. Kan. Sept. 2, 2009).

      supporting any assertion that the document was created under the supervision of an attorney;"

6. The purpose of preparing the document, including *an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"*

7. The number of pages of the document;

8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of asserted privilege.[12]

At the very least, a privilege log should contain sufficient information so that the opposing party and the court can evaluate the claimed privilege.[13] If a party fails to carry its burden of establishing that any documents withheld are subject to privilege, the court may conclude that the privilege is waived.[14]

<u>Defendants' Work-Product Protection and Attorney-Client Privilege Assertions</u>

---

[12] *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 448–49 (D. Kan. 2009) (citing cases) (emphasis added).

[13] *Farha*, 2010 WL 3168146, at *4.

[14] *New Jersey*, 258 F.R.D. at 448; *Kannaday*, 292 F.R.D. at 646 ("It is well settled that if a party fails to make the required showing under Fed. R. Civ. P. 26(b)(5)(A) by not producing a privilege log or by producing an inadequate one, courts may deem the privilege waived.").

As indicated above, the court finds the current record insufficient to evaluate defendants' work-product protection and attorney-client privilege assertions. First, defendants' privilege log generally asserts that documents within the claims file have been withheld on the grounds of work-product protection and attorney-client privilege, but fails to identify the specific privilege or protection being asserted with respect to each document (i.e., whether each document is being withheld on the grounds of work-product protection, attorney-client privilege, or both).

Moreover, the descriptions of the withheld documents, in large part, lack the detail necessary to evaluate defendants' work-product protection and attorney-client privilege assertions.[15]  With respect to defendants' work-product assertions, the court is unpersuaded (at least on this record) that the retention of counsel by defendants' insurer on September 9, 2015, for "anticipated claims and litigation," is sufficient to demonstrate that defendants were reasonably anticipating litigation at that time.[16]  Looking to the privilege-log descriptions of the specific documents withheld (e.g., notes of staff claim representatives regarding "police report ordered," "medical economic summary," "status

---

[15] The court notes that certain privilege-log descriptions clearly indicate the document at issue is *not* entitled to protection, as work product or a privileged communication—e.g., "[e]mail communication from [plaintiff's counsel in this action] to [staff claim representative] re: investigation." So, in re-doing their privilege log, defendants and counsel would be well-advised to comply with the certification requirements of Fed. R. Civ. P. 26(g), lest they incur sanctions by way of attorneys' fees.

[16] To the extent defendants refer to separate subrogation litigation in support of their claim that litigation was anticipated as early as September 9, 2015, the precise status of those proceedings during the relevant time period is unclear.

of claim," "monitor claim," etc.),[17] it can't be determined that the documents were prepared in anticipation of litigation, rather than in the ordinary course of business. Moreover, again it's unclear which documents defendants claim are protected by attorney-client privilege, but the court notes that various documents described as "communications," "correspondence," etc. could benefit from further description as to the purpose of preparing the document.

Finally, the court notes that it doesn't appear that any documents within the claims file have been withheld solely based on relevance objections. To be clear, the court finds the claims file plainly relevant. Despite defendants' assertion that certain documents within the claims relate to separate litigation (i.e., arbitration/subrogation litigation with American Family and California Casualty, for property damage to the automobile plaintiff was driving and for PIP payments to plaintiff, respectively), all litigation to which defendants refer stems from the collision forming the basis of the instant action.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel (ECF No. 32) is denied, without prejudice.

2. Defendants are ordered to produce a supplemental privilege log by **March 19, 2018** (and to produce any documents defendants conclude should no longer be withheld).

---

[17] ECF No. 32-3.

3.      In the event any discovery disputes remain, plaintiff may reassert its motion to compel, but only after conferring, in-person, regarding the documents/claims at issue. Such motion must be filed by **April 2, 2018**.

IT IS SO ORDERED.

Dated March 5, 2018, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge