UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

MARC E. KOSJER,

                Plaintiff,

v.                                                   Case No. 17-1181-JWB

COFFEYVILLE RESOURCES CRUDE
TRANSPORTATION, LLC and
CVR ENERGY, INC.,

                Defendants.

## ORDER TO SHOW CAUSE

Plaintiff's complaint alleges this federal court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse. Defendants' answer admits diversity jurisdiction. However, neither pleading alleges facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. If the business is a corporation, as is the case with CVR Energy, Inc., its citizenship is both the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). If the business is a limited liability company, as is the case with Coffeyville Resources Crude Transportation, LLC, its citizenship is determined by the citizenship of each one of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v.*

*Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001). The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And, it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, the complaint indicates CVR is incorporated in Delaware, but does not indicate the location of the corporation's principal place of business. The complaint is similarly silent as to the identity and citizenship of the individual members of Coffeyville Resources. Thus, the allegations fail to establish citizenship for diversity jurisdiction purposes.

**IT IS THEREFORE ORDERED** that by **July 20, 2018,** the parties file a joint status report, with affidavits attached, demonstrating the citizenship of each of the defendants and showing cause why this case should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated July 16, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
